**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **KAREN PUPOVIC AND ISMET PUPOVIC,** | **CIVIL ACTION NO.** |
| Plaintiffs | **3:26-cv-00226 (AWT)** |
| | |
| v. | |
| | |
| **DIAMOND TUCKER ST. PROPERTY, LLC,** | |
| **AND REDEMPTION, LLC,** | |
| Defendants | **MARCH 11, 2026** |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND**

The Plaintiffs, Karen Pupovic and Ismet Pupovic, respectfully present this Memorandum of Law in support of their Motion to Remand dated March 11, 2026 (the "Motion"). Through the Motion, the Plaintiffs seek the return of this improperly removed foreclosure case to the Connecticut Superior Court, Judicial District of Bridgeport. As grounds for the Motion, the Defendant, Redemption, LLC ("Redemption") wrongly and untimely removed this action, after the United States District Court for the District of Connecticut already determined that it lacked subject matter jurisdiction over this case in a prior removal brought by the other Defendant, Diamond Tucker St. Property, LLC ("DTS").

I.      Factual Background

Plaintiffs brought suit against the Defendants in the Connecticut Superior Court, Judicial District of Bridgeport, with a Summons and Complaint dated October 1, 2024 and made returnable to that Court on October 29, 2024, Docket No. FBT-CV24-6139704-S (the "State Court Action"). See ECF 1-1 at pages 11-18.

·1·

**Maki Law, LLC**
467 Naubuc Avenue ・ Glastonbury, CT 06033 ・ 860.269-5780 ・ Facsimile: 860.221.3947
Juris No. 437597

On January 23, 2025, counsel appeared on behalf of DTS. On the same date, counsel for DTS filed in the State Court Action a pleading encaptioned "Notice to State Court of Filing of Notice of Removal". See ECF 1-1 at pages 36-37. The removed case was docketed in this Court with Civil Action No. 3:25-cv-00081 (VAB) (the "First Removal").

On January 23, 2025, counsel, Roderick D. Woods, appeared in the First Removal on behalf of both DTS and Redemption. (First Removal, ECF 10) (See ECF 1-1 at page 138.)

On October 10. 2025, the Court (Bolden, U.S.D.J.) published a Ruling and Order on Pending Motion (First Removal, ECF 30) (See ECF 1-1 at pages 253-260) (the "First Removal Ruling"). The District Court specifically determined: "This Court lacks subject-matter jurisdiction to review the underlying state court action under the *Rooker-Feldman* doctrine and thus the case must be remanded on those grounds. *See Vossbrinck [v. Accredited Home Lenders, Inc.]*, 773 F.3d[, 423, 426] at 427 (2d Cir. 2014)] (holding that because the plaintiff's claims were barred under *Rooker-Feldman* when the plaintiff was 'asking the federal court to determine whether the state judgment was wrongfully issued,' the district court should have remanded the case back to state court)." See ECF 1-1 at 257.

The District Court further found: "Since all of the *Rooker-Feldman* factors are met and the Defendants seek review of a state court decision in a lower federal court, the Court will remand this case back to the Superior Court of Connecticut, Judicial District of Fairfield, at Bridgeport." See ECF 1-1 at 258.

**Maki Law**, LLC
467 Naubuc Avenue ‧ Glastonbury, CT 06033 ‧ 860.269-5780 ‧ Facsimile: 860.221.3947
Juris No. 437597

The District Court denied a fee award pursuant to 28 U.S.C. § 1447(c) at that time, based on the fact that the Court ordered the remand *sua sponte* and the fact that "the issue of whether *Rooker-Feldman* applies to removal cases in this Circuit is unclear, which weighs against an award of fees." See ECF 1-1 at 259.

Thereafter, on February 3, 2026, and in response to a motion seeking reconsideration of the First Removal Ruling, the Court (Bolden, U.S.D.J.) published an Order denying [33] Motion for Reconsideration on October 10, 2025 (First Removal, ECF 36). See ECF 1-1 at 81-82. The District Court then remanded the First Removal to the State Court, Judicial District of Fairfield, at Bridgeport on the same date. See ECF 1-1 at 82.

On December 8, 2025, while the motion seeking reconsideration was pending, DTS, Redemption and a third-related entity, Westfair, LLC, commenced a new action in the United States District Court for the District of Connecticut against the Plaintiffs, Karen Pupovic and Ismet Pupovic, with Civil Action No. 3:25-cv-02036 (OAW) (the "2025 Case"), relating to the validity of the same judgment lien being foreclosed in the State Court Action.

On February 11, 2026, the District Court (Williams, U.S.D.J.), *sua sponte*, entered an Order of Dismissal (2025 Case, ECF 17). The District Court found that "it cannot exercise subject-matter jurisdiction over this case without violating the *Rooker-Feldman* doctrine…." The District Court then extensively cited the First Removal Ruling before dismissing the 2025 Case "for lack of subject-matter jurisdiction under *Rooker-Feldman*. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, (2005) (finding that district courts lack subject-matter jurisdiction over

**Maki Law**, LLC
467 Naubuc Avenue · Glastonbury, CT 06033 · 860.269-5780 · Facsimile: 860.221.3947
Juris No. 437597

'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments')." A copy of this ruling is attached to the Motion as Exhibit 1.

On February 11, 2026, counsel for Redemption filed a State Court Appearance A copy of the Appearance is attached to the Motion as Exhibit 2. Redemption then filed a pleading encaptioned "Notice to State Court of Filing of Notice of Removal". See ECF 1 ("Second Notice of Removal"). The instant case involves the second time the State Court Action has been removed by the Defendants.

II.     Law and Argument
    A.  Law Regarding Removal, Generally

28 U.S.C. § 1446(b)(1) requires the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

28 U.S.C. § 1447(c) provides, in part, that "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred

·4·

as a result of the removal…." As explained by the Supreme Court, "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 704, 711 (2005).

### B.  Law Regarding Removal and Subject Matter Jurisdiction

A Federal Court must satisfy itself that it has subject matter jurisdiction over a dispute. <u>Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.</u>, 435 F.3d 127, 133 (2d Cir. 2006). "A party seeking to invoke the subject matter jurisdiction of a Court has the burden of demonstrating that there is subject matter jurisdiction in the case." <u>Shenandoah v. Halbritter</u>, 366 F.3d 89, 91 (2d Cir. 2004).

### C.  Law Regarding Removal Involving Diversity Jurisdiction

28 U.S.C. § 1332 sets forth the requirements for diversity jurisdiction. A party seeking to remove a case from the State Court based in diversity jurisdiction bears the burden of establishing that the requirements for such jurisdiction have been satisfied. <u>Mehlenbacher v. Akzo Nobel Salt, Inc.</u>, 216 F.2d 291, 296 (2d Cir. 2000).

28 U.S.C. § 1446(b)(3) provides: "Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper *from which it may first be ascertained* that the case is one which is or has become removable." (Emphasis added). Its subsection (c)(1) provides: " A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after

·5·

**Maki Law**, LLC
467 Naubuc Avenue · Glastonbury, CT 06033 · 860.269-5780 · Facsimile: 860.221.3947
Juris No. 437597

commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."

III.     Argument

A.     As Previously Determined, this Court Lacks Subject Matter Jurisdiction over the State Court Action.

On January 23, 2025, DTS filed the First Removal of the State Court Action. On October 10. 2025, the Court (Bolden, U.S.D.J.) published the First Removal Ruling, specifically determining that it lacked subject-matter jurisdiction to review the State Court Action under the *Rooker-Feldman* doctrine and remanded the First Removal on those grounds.  On February 3, 2026, the Court (Bolden, U.S.D.J.) denied DTS's motion seeking reconsideration and remanded the State Court Action back to the State Court.

On February 13, 2026, Redemption filed a State Court Appearance in the State Court Action, along with the Second Notice of Removal.

Notwithstanding the fact that Redemption filed paperwork in the State Court Action to again remove it to the District Court, the District Court continues to lack subject matter jurisdiction over this action based on the *Rooker-Feldman* doctrine.

As such, Redemption improperly removed the State Court Action, which should be swiftly remanded back to the State Court to avoid further delay.

B.     Additionally, Redemption Improperly Removed the State Court Action Without Satisfying the Requirements for Diversity Jurisdiction, its Alleged Basis for Such Removal.

**Maki Law,** LLC
467 Naubuc Avenue  ·  Glastonbury, CT 06033 ·  860.269-5780  ·  Facsimile: 860.221.3947
Juris No. 437597

28 U.S.C. § 1332 governs actions based in diversity jurisdiction.  28 U.S.C. § 1446(b)(3) requires a notice of removal to be filed within 30 days from a date where a defendant may first ascertain that a case is or has become removable.

"[A]bsent a finding of waiver or estoppel, federal courts rigorously enforce the statute's thirty-day filing requirement." Somlyo v. J. Lu-Rob Enters., Inc., 932 F.2d 1043, 1046 (2d Cir. 1991) *superseded by rule on other grounds as recognized by* Contino v. United States, 535 F.3d 124, 127 (2d Cir. 2008). As Redemption appeared in the First Removal on January 23, 2025, removal of the State Court Action on February 13, 2026 is untimely.

Further, per 28 U.S.C. § 1446(c)(1), a case removed based in diversity jurisdiction cannot be removed "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." As the Plaintiffs commenced the State Court Action in October 2024, it could not be removed in February 2026. The bad faith exception in § 1446(c)(1) does not inure to Redemption's benefit, where its removal can only be found to be done in bad faith, seeking further delay of the pending foreclosure of Plaintiffs' final judgment lien in the State Court Action.

> C. Plaintiffs are Entitled to Fees and Costs Relating to Redemption's Frivolous Attempt to Remove the State Court Action After the District Court Remanded the Prior Removal Filed by DTS Based on a Lack of Subject-Matter Jurisdiction.

28 U.S.C. § 1447(c) provides, in part, that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorneys fees, incurred as a result of the removal."

·7·

"Generally speaking, 'courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.' *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). 'District courts have considerable discretion and flexibility to fashion awards of costs and fees to deter removals sought for an improper purpose.' *Connecticut v. McGraw Hill Companies, Inc.*, No. 3:13-CV-311 (SRU), 2013 WL 1759864, at *5 (D. Conn. Apr. 24, 2013) (citing *Martin*, 546 U.S. at 140). [Courts] may impose costs and fees where removal is 'untimely and without any legal basis.' *See id.*; *Massad v. Greaves*, 554 F. Supp. 2d 163, 167 (D. Conn. 2008)." HSBC Bank USA, Nat'l Ass'n as Tr. for Opteum Mortg. Acceptance Corp. Asset-Backed Pass-Through Certificates Series 2005-2 v. Vitti, No. 3:21-CV-1221 (SRU), 2021 WL 4810578 at *3 (D. Conn. Oct. 15, 2021).

While there is no automatic fee-shifting relating to improper removal of cases, § 1447(c) provides for fee-shifting in appropriate cases. Martin v. Franklin Capital Corp., 546 U.S. 132, 140 (2005).

> The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

> In light of these " 'large objectives,' " [*Flight Attendants v.*] *Zipes, supra,* [491 U.S. 754] at 759, 109 S.Ct. 2732 [(1989)], the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.

·8·

**Maki Law**, LLC
467 Naubuc Avenue • Glastonbury, CT 06033 • 860.269-5780 • Facsimile: 860.221.3947
Juris No. 437597

Id. at 140-141.

Unlike the situation described in the First Removal Ruling, where the Court denied a fee award, finding the issue of whether *Rooker-Feldman* applies in removal cases to be unclear, the First Removal Ruling was very clear that no subject-matter jurisdiction existed over the First Removal.

As the District Court (Bolden, U.S.D.J.) concluded on October 10, 2025 that the Court lacked subject-matter jurisdiction over the First Removal and remanded the State Court Action back to the State Court on February 3, 2026, Redemption's subsequent removal of the State Court Action ten days later lacked any objectively reasonable basis for doing so. As such, it is appropriate for this Court to use its discretion to award the Plaintiffs costs and fees, in an effort to prohibit either Defendant from filing further frivolous removals of State Court Action or other cases involving the Plaintiffs.

IV.     Conclusion.

Redemption had no proper basis for removal of the State Court Action after the unsuccessful removal by DTS. As a result, the instant case should again be remanded back to the Connecticut Superior Court, Judicial District of Bridgeport. As this removal occurred after a prior determination that the District Court lacked subject-matter jurisdiction, such filing is frivolous at best. As such, Plaintiffs respectfully seek entry of an Order requiring the Defendant to pay their legal fees and costs relating to their efforts to have the case again remanded back to the Superior Court.

**Maki Law**, LLC
467 Naubuc Avenue · Glastonbury, CT 06033 · 860.269-5780 · Facsimile: 860.221.3947
Juris No. 437597

Respectfully submitted,

PLAINTIFFS,
KAREN PUPOVIC
AND ISMET PUPOVIC,


/s/ Jenna N. Sternberg_____
Brennen Maki (ct25900)
Jenna N. Sternberg (ct26645)
MAKI LAW, LLC
467 Naubuc Avenue
Glastonbury, CT 06033
(860) 269-5780
(860) 221-3947 (fax)
brennen@makilawct.com
jenna@makilawct.com

Their Attorneys

**Maki Law,** LLC
467 Naubuc Avenue · Glastonbury, CT 06033 · 860.269-5780 · Facsimile: 860.221.3947
Juris No. 437597

**CERTIFICATE OF SERVICE**

I hereby certify that on March 11, 2026, a copy of the foregoing Memorandum of Law in Support of Motion to Remand was electronically filed notice of this filing will be sent by email to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

/s/ Jenna N. Sternberg_____
Jenna N. Sternberg

**Maki Law,** LLC
467 Naubuc Avenue ⋅ Glastonbury, CT 06033 ⋅ 860.269-5780 ⋅ Facsimile: 860.221.3947
Juris No. 437597