**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|  |  |
|---|---|
| KAREN PUPOVIC and ISMET PUPOVIC,<br><br>Plaintiffs,<br><br>V.<br><br>DIAMOND TUCKER ST. PROPERTY, LLC, and REDEMPTION, LLC,<br><br>Defendants. | 3:26-cv-00226 AWT |

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND

RODERICK D. WOODS, ESQ.
Roderick D. Woods, P.C.
Attorney for Plaintiffs
880 Third Avenue
Fifth Floor
New York, New York 10022
(212) 653-8754 (Tel.)
(212) 656-1555 (Fax)
Roderick.woods@rdw-law.com

April 3, 2026

1

## <u>INTRODUCTION AND BRIEF PROCEDURAL HISTORY</u>

In the interest of brevity, and for the limited purpose of submitting this Memorandum in Opposition to the Plaintiffs' Motion to Remand, the voluminous litigation history between the parties, spanning approximately four years and multiple state and federal courts, is not repeated at length.  The factual and procedural history of the underlying Connecticut Superior Court action, now removed to this Court, however, is relatively abbreviated.

This case, attempting to foreclose on a purported Judgment Lien which, Defendants contend, is improper in both form and substance, and, therefore, a legal nullity, was removed from the Superior Court of Connecticut, Judicial District of Fairfield, at Bridgeport[1], by the Defendant, Redemption, LLC ("Redemption").  At the time of removal, the case was (and remains) pending and no Judgment had entered against either of the Defendants.

In the interest of candor and in full disclosure to the Court, the Defendant, Diamond Tucker St. Property, LLC ("DTS"), removed the same action on or about January 15, 2025.[2]  At the time of DTS' removal, the case was (and remains) pending and no Judgment had entered against either of the Defendants.  The Court raised no jurisdictional hurdles, going so far as to enter a conditional ruling on Defendants' Emergency Application to Discharge *Lis Pendens*.  Nevertheless, despite the lack of a Judgment in the Superior Court matter which was removed by DTS and altering course from its conditional ruling, the Court entered an Order remanding the matter to the Superior Court, citing, as its rationale, the *Rooker-Feldman* doctrine. Redemption was never served with process in this action and Redemption subsequently removed this action. The previously mentioned basis of the remand decision is presently on appeal as reversible error at the Second

---

[1] *See*, FBT-CV24-6139704-S.
[2] *See*, 3:25-cv-00081 VAB.

Circuit.  Plaintiffs now seek to remand this case to the Superior Court.

However, the jurisdictional core of the Plaintiffs' Motion—the applicability of the *Rooker-Feldman* doctrine—is currently the subject of an active appeal before the Second Circuit (*Pupovic v. Diamond Tucker St. Property, LLC*, No. 26-275). While the Court previously cited *Rooker-Feldman* as its sole basis in a related remand (although that court also additionally predicated its *Rooker-Feldman* decision on a Motion to Discharge *lis pendens* and other procedural postures not present here, and thus making the Court's decision inapplicable here), that order and all of it grounds is precisely what is being challenged as a reversible error of law. Because the Court's entire *Rooker Feldman* rationale – including even the legal possibility of its application -- is presently under a *de novo* "microscope" at the appellate level, the Plaintiffs' current effort to secure a second remand based on part or all of that same contested rationale is premature, logically inconsistent, and legally unripe.

## **ARGUMENT**

### I.    The Motion to Remand is Unripe for Adjudication Pending the Second Circuit's Dispositive Ruling

Notably, in an apparent effort to detour the Court, the Plaintiffs' Motion to Remand entirely omits the fact that the prior Remand Order (dated October 10, 2025) and the Order Denying Reconsideration (dated February 3, 2026) are both currently the subject of an active appeal in the Second Circuit.

In fact, of particular interest, the appeal is mentioned nowhere in the Motion to Remand, despite its high relevance and direct relationship to the instant matter.  Stated differently, with the pending appeal, *Pupovic et al v. Diamond Tucker St. Property, LLC, et al*, 3:25-cv-00081 VAB, has yet to reach a final disposition, and, therefore, the Remand Order and Order Denying

3

Defendants' Motion for Reconsideration can hardly form a colorable basis (or any basis for that matter) for the assertion that "…the District Court continues to lack subject matter jurisdiction over this action based on the Rooker-Feldman doctrine." *See*, Motion to Remand, ECF 15, Page 6.

The existence of this appeal is not a mere "background fact"; it is a threshold barrier to this Court's ability to rule. Until the Second Circuit determines whether *Rooker-Feldman* was correctly applied to this specific nucleus of facts, any further ruling by this Court based on that doctrine is unripe. To proceed now would invite a jurisdictional conflict where this Court remands a case that the Second Circuit may subsequently determine must remain in federal court.

### a.    Plaintiffs' Failure to Disclose the Pending Appeal

The appeal number is 26-275.  Plaintiffs' counsel is a party to that docket and has received electronic notifications of every filing. Despite manifest awareness of the pendency of the appeal—and the Second Circuit's March 2, 2026, notice to file an appearance—Plaintiffs concealed the existence of this dispositive appellate proceeding from this Court. This omission is telling; it highlights the fact that Plaintiffs recognize the "ripeness" problem and sought to bypass it by keeping this Court in the dark regarding the Second Circuit's oversight.

### b.    Distinguishing the Inapposite Judge Williams' Decision

Plaintiffs' reliance on a recent decision by Judge Williams is a red herring. That matter involved a separate action initiated by the Defendants as Plaintiffs; it was not a removed case and involved distinct parties (including Westfair, LLC) and different prayers for relief. More importantly, a District Court's decision in an unrelated matter cannot "ripen" a motion that is currently being weighed by a higher appellate authority. The Williams decision is a distraction

from the primary jurisdictional question: can this Court rule on a remand when the foundation of that remand is currently being reviewed for error by the Second Circuit? The answer is no.

c.    <u>The Motion to Remand is Legally Unripe and Should be Dismissed as Moot</u>

Concomitant with the above, Plaintiffs' Motion and its argument, simply, is unripe unless and until there is a final determination of the *Rooker-Feldman* issue by a Court of ultimate jurisdiction.  Notably, "Ripeness presents a "question of timing"; a claim is unripe if it depends upon "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Thomas v. Union Carbide Agric. Prods. Co.,* 473 U.S. 568, 580-81 (2d Cir. 1985) (internal quotation marks and citation omitted).  The doctrine of ripeness is designed "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967).

Here, the threshold jurisdictional issue—the applicability of the *Rooker-Feldman* doctrine to this specific nucleus of facts—is currently the subject of an active appeal before the Second Circuit (Appeal No. 26-275). Because the Second Circuit's ruling will be **dispositive** of the entire jurisdictional framework of this action, any ruling by this Court prior to the Second Circuit decision would be purely contingent on a future appellate event that may render such a ruling a legal nullity.

To proceed now would invite an "absurd and illogical" result: this Court could remand a case that the Second Circuit subsequently determines must remain in federal court. Such a "jurisdictional ping-pong" would be an irrational waste of judicial resources and would cause irrevocable prejudice to the Defendants. Until the Second Circuit clarifies the *Rooker-Feldman* boundaries pertaining to this case the Plaintiffs' Motion remains premature and legally unripe.

As demonstrated in Section I, supra, the jurisdictional premise of the Plaintiffs' Motion is currently being weighed by the Second Circuit. Because the outcome of that appeal is dispositive to the very subject matter jurisdiction invoked here, the instant Motion is legally unripe. A ruling from this Court at this juncture would be purely advisory and subject to immediate retroactive nullification by a higher court. In the interest of judicial economy, the Motion to Remand should be dismissed as moot pending the resolution of Appeal No. 26-275.

This removal, therefore, remains viable until the Second Circuit resolves the *Rooker-Feldman* issue, and the Motion to Remand must be denied or in the alternate dismissed as moot.

 d.    *Rooker-Feldman* Cannot Operate As A Bar to This Court's Exercise of Jurisdiction Over This Removed Case

"*Rooker-Feldman* directs federal courts to abstain from considering claims when four requirements are met: (1) the plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state court judgment, (3) the plaintiff invites district court review of that judgment, and (4) the state court judgment was entered before the plaintiff's federal suit commenced." Id. The lynchpin of the *Rooker-Feldman* doctrine is the recognition that "federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments[.]" *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 84 (2d. Cir. 2005).

Moreover, the Supreme Court has confirmed the "exceedingly narrow" confinement of *Rooker-Feldman* to a specific class of cases to which this action patently does not belong. In *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005), the Court strictly limited the doctrine to cases "brought by state-court losers" seeking to undo state-court judgments. Because this action was brought by the Plaintiffs—not the "state-court losers"—and was properly removed to this Court, the essential "brought by" requirement of *Exxon* is not met. *Rooker-Feldman* is a shield for federal jurisdiction, not a weapon for Plaintiffs to strip it away in removed actions.  Aside

from the fact that the Supreme Court has confirmed confinement of *Rooker-Feldman* to a class of cases this instant case patently does not belong, as noted above, neither DTS nor Redemption "lost" in the Superior Court action which is the subject of this removal action since the case was (and remains) pending.  As such, none of the four *Rooker-Feldman* requirements are met or could even be applied to this case, and, therefore, *Rooker-Feldman* cannot operate to bar this Court's exercise of jurisdiction over this matter.  It is that simple.

II.      The Defendants Were Never Served, And, Therefore, The Removal Clock Has Not Begun To Run

As articulated in the Notice of Removal (ECF 1) and in the Statement Pursuant to Standing Order on Removed Cases (ECF 4), the Defendants were never served.  *See*, Exhibit "**A**", Declaration of Sean Fillinich.

Plaintiffs argue that Defendants' Notice of Removal is untimely, citing 28 U.S.C. § 1446(b)(1)'s requirement that petitions for removal be made within 30 days of service of the summons and complaint.  In true conclusory fashion, and with a one-sentence argument, Plaintiffs argue, "As the Plaintiffs commenced the State Court Action in October 2024, it could not be removed in February 2026."  *See*, Motion for Remand, ECF 15, Page 7.  Plaintiffs' assertion, however, is fatally flawed and fails to appreciate the nuances of removability.

In *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), the Supreme Court ruled that a Defendant's time to remove a case to federal court is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, "*through service or otherwise*," after and apart from service of the summons, but *not* by mere receipt of the complaint unattended by any formal service.  *See also*, *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 37 (2d Cir. 2010) (*per curiam*) (explaining that the 30-day removal period does not begin to run until the defendant "receive[s] the first document from which all of the facts giving rise to removability [are] evident").

7

In other words, from *Murphy* and *Moltner*, it is evident that service of process and receipt of a Summons and Complaint is a prerequisite to the running of the removal clock.

In this case, the Defendants were never served (*see*, Exhibit "**A**"), and, therefore, the time for removal has not commenced.  For this reason, the Motion for Remand must be denied.

III.    <u>The Attorney's Fees Should Be Denied</u>

An award of attorney's fees should be denied.

"Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005). "`[I]f clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees,' and `district court decisions, let alone conflicting district court decisions, do not render the law clearly established.'" *Williams v. Int'l Gun-A-Rama,* 416 F. App'x 97, 99 (2d Cir. 2011) (alterations adopted) (quoting *Lott v. Pfizer, Inc.,* 492 F.3d 789, 793 (7th Cir. 2007)).

There is nothing "objectively unreasonable" about removing an action where Defendants had not been served, let alone when the matter is the subject of a pending appeal.

**CONCLUSION**

It is respectfully submitted that DTS and Redemption did not lack an objectively reasonable basis for seeking removal.  No Judgment entered in the Superior Court case, and, therefore, the *Rooker-Feldman* doctrine cannot operate as a bar to this Court's jurisdiction.  As such, this second removal was and is proper.

Dated: New York, New York
      April 3, 2026

                                        _____
                                        RODERICK D. WOODS, ESQ.
                                        Roderick D. Woods, P.C.
                                        Attorney for Plaintiffs
                                        880 Third Avenue
                                        Fifth Floor
                                        New York, New York 10022
                                        (212) 653-8754 (Tel.)
                                        (212) 656-1555 (Fax)
                                        Roderick.woods@rdw-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2026, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to all appearing parties.

                                        _____
                                        Roderick D. Woods, Esq.

9