**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

KAREN PUPOVIC and ISMET PUPOVIC,

        Plaintiffs,

        V.

DIAMOND TUCKER ST. PROPERTY, LLC,
and REDEMPTION, LLC,

        Defendants.

3:26-cv-00226 AWT

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' OBJECTION TO DEFENDANTS' MOTION FOR STAY AND IN FURTHER SUPPORT OF MOTION FOR STAY

RODERICK D. WOODS, ESQ.
Roderick D. Woods, P.C.
Attorney for Plaintiffs
880 Third Avenue
Fifth Floor
New York, New York 10022
(212) 653-8754 (Tel.)
(212) 656-1555 (Fax)
Roderick.woods@rdw-law.com

April 23, 2026

1

## ARGUMENT

### a. Notwithstanding Plaintiffs' Objection, A Stay Is Appropriate

On April 20, 2026, the Supreme Court of the United States heard oral argument in *T.M. v. University of Maryland Medical System Corp.* (No. 25-197). The central question in *T.M.*—whether the *Rooker-Feldman* doctrine can be triggered by a state-court decision that remains subject to further review—is the identical and dispositive jurisdictional issue in the Defendants' appeal in the previously removed case. A decision from the Supreme Court is expected by late June 2026. As such, a stay is appropriate.

As noted in Defendants' Motion, "[T]he power to stay proceedings is incidental to the inherent power in every court to 'control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (*quoting Landis v. N. Am. Co.*, 299 U.S. 248, 254, (1936)). *Bahl v. New York Coll. of Osteopathic Med. of New York Inst. of Tech.*, 2018 WL 4861390, at *3 (E.D.N.Y. Sept. 28, 2018) (finding that it would prejudice defendant to deny stay where related proceedings would "have a direct impact on the instant action").

### The Dispositive Appeal Standard

### A Stay is Mandatory Where the Pending Appeal is Dispositive of the Action

The Defendants move for a stay of all proceedings pending the resolution of the appeal. While the "likelihood of success" is high, the Second Circuit clarified in *Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30 (2d Cir. 2010), that a movant need only show **"serious questions going to the merits"** where the balance of hardships tips decidedly in their favor.

1. **<u>Serious Questions/Dispositive Nature</u>**: The pending appeal is not merely related; it is *dispositive*. It challenges the very foundation of the District Court's power to remand. The Second Circuit has previously found that *Rooker-Feldman* cannot be used to strip jurisdiction over removed actions brought by Plaintiffs, thus if in hearing this appeal the Second Circuit maintains its current position on this question of law, the entire basis for the current Motion for Remand evaporates.

2. **<u>Divestiture of Jurisdiction (*Griggs* Rule)</u>**: Under *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982), the filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Because the current Motion to Remand involves the exact "aspects of the case" currently before the Second Circuit, this Court is effectively divested of the power to rule on it until the mandate returns.

3. **<u>Irreparable Harm</u>**: Allowing the case to proceed toward remand while the appeal is pending would force the Defendants back into a state court system that has already been identified as the venue for the underlying fraud. This would "retroactively" moot the Defendants' federal rights before the Second Circuit can even speak.

b. <u>Ripeness</u>

<u>The Motion for Remand is Not Ripe for Adjudication</u>

Moreover, as a threshold jurisdictional matter, the Plaintiff's Motion for Remand is not "ripe" for this Court's consideration. The doctrine of ripeness is designed "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967).

Here, the core jurisdictional issue—the applicability of the Rooker-Feldman doctrine to

this specific nucleus of facts—is currently the subject of an active appeal before the Second Circuit (Appeal No. 26-275). Because the Second Circuit's ruling will be **dispositive** of the entire jurisdictional framework of this action, any ruling by this Court today would be purely contingent on a future appellate event that may render such a ruling a legal nullity.

To proceed now would invite an "absurd and illogical" result: this Court could remand a case that the Second Circuit subsequently determines must remain in federal court. Such a "jurisdictional ping-pong" would be an irrational waste of judicial resources and would cause irrevocable prejudice to the Defendants. Until the Second Circuit clarifies the *Rooker-Feldman* boundaries pertaining to this case the Plaintiffs' Motion remains premature and legally unripe.

Because it is "efficient for a trial court's docket and the fairest course for the parties," a stay is proper here. Defendants respectfully submit that the Court should stay further proceedings, including any pending deadlines, pending resolution of Defendants' appeal of the Remand Order to the Second Circuit.

Dated: New York, New York
     April 23, 2026

                                    _____
                                    RODERICK D. WOODS, ESQ.
                                    Roderick D. Woods, P.C.
                                    Attorney for Plaintiffs
                                    880 Third Avenue
                                    Fifth Floor
                                    New York, New York 10022
                                    (212) 653-8754 (Tel.)
                                    (212) 656-1555 (Fax)
                                    Roderick.woods@rdw-law.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 23, 2026, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to all appearing parties.

_____
Roderick D. Woods, Esq.